UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:15-CV-011-P-BL |
| MARY LATIMER HOULIHAN, | § § § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Summary Judgment, filed October 14, 2015. (Doc. 14). After considering this motion, the evidence, and the applicable law, the Court recommends that Plaintiff's motion be granted.

### I.   BACKGROUND

The United States of America ("Plaintiff") seeks to recover unpaid student loan debt held by Mary Latimer Houlihan[1] ("Defendant"). (Doc. 10). Plaintiff alleges that Defendant executed a promissory note on August 10, 1989, to secure a loan from NEBHELP, Inc. for Merchants National Bank of Topeka. Plaintiff claims that this loan was disbursed for $2,315.00 with a variable annual interest rate to be determined by the Department of Education ("DOE"). Plaintiff declares that this loan was guaranteed by the Nebraska Student Loan Program and reinsured by the DOE as part of the Higher Education Act of 1965. Plaintiff alleges that the holder of the note demanded payment, but received nothing from Defendant. As a result, Plaintiff explains that Defendant defaulted on this obligation on January 28, 1991. Plaintiff asserts that the note holder filed a claim with the loan guarantor and the guarantor paid the claim in the amount of $3,037.74

---

[1] Plaintiff contends that Defendant is also known as Mary L. Latimer Houlihan, Mary L. Latimer, and Mary Casey.

1

to the holder. Plaintiff states that the DOE then reimbursed the guarantor under its reinsurance agreement. As such, the guarantor assigned its right and title to the loan to the DOE on October 17, 1996. Since then, Plaintiff explains that the DOE has credited $2,274.71 "in payments from all sources" toward the balance. Plaintiff concludes that as of October 13, 2015, Defendant is indebted to Plaintiff in the amount of $3,115.32 on this loan with interest accruing at a rate of $0.22 per day until the date of judgment. (Doc. 15, p. 2-3).

Next, Plaintiff claims that on August 10, 1989, Defendant executed a second promissory note for $2,625.00 to Merchants National Bank of Topeka care of Loan Processing Center. This loan carried an annual interest rate of eight percent. Again, Plaintiff advises that this loan was guaranteed by the Nebraska Student Loan Program and reinsured by the DOE as part of the Higher Education Act of 1965. Plaintiff avers that the note holder demanded payment, but received nothing from Defendant. Plaintiff explains that Defendant defaulted on this obligation on January 28, 1991. Plaintiff maintains that the note holder filed a claim with the loan guarantor and the guarantor paid the claim in the amount of $2,802.09 to the holder. Plaintiff states that the DOE reimbursed the guarantor under its reinsurance agreement. The guarantor assigned its right and title to the loan to the DOE on October 17, 1996. Subsequently, Plaintiff claims that the DOE has credited $2,791.29 "in payments from all sources" toward the balance. Plaintiff concludes that as of October 13, 2015, Defendant is indebted to Plaintiff in the amount of $4,648.95 on this loan with interest accruing at a rate of $0.57 per day until the date of judgment. (Doc. 15, p. 3-4).

Plaintiff seeks judgment against Defendant for $7,764.27, the principal amount of the unpaid student loans, plus $0.79 per day in pre-judgment interest, plus post-judgment interest. (Doc. 15, p. 7).

## II. LEGAL STANDARD

A motion for summary judgment permits a court to resolve a lawsuit without conducting a trial if the court determines (1) there is no genuine dispute as to any material facts, and (2) the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *see also Crawford-El* v. *Britton*, 523 U.S. 574, 600 (1998) ("[S]ummary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial."). A fact is "material" if it might affect the outcome of the suit under the governing law. *Liberty Lobby*, 477 U.S. at 248. A dispute over a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 250. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247-48 (emphasis in original). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Scott* v. *Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co.* v. *Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (footnote omitted)).

The party moving for summary judgment must first demonstrate "that there is an absence of evidence to support the nonmoving party's cause." *Celotex Corp.* v. *Garrett*, 477 U.S. 317, 325 (1986). The moving party satisfies this requirement by either (1) submitting evidentiary documents that negate the existence of some material element of the non-moving party's claim, or (2) merely pointing out the absence of evidence to support the non-moving party's claim, if the non-moving party will bear the burden of proof on that claim at trial. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Once the moving party satisfies this initial requirement, the burden shifts to the non-moving party to "go beyond the pleadings and designate specific facts showing

that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the moving party supported his motion with evidence, the non-moving party cannot simply rely on conclusory legal allegations but must present affirmative evidence in order to defeat the motion for summary judgment. *Liberty Lobby*, 477 U.S. at 248-255; *see also Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) ("On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit.").

Although a district court must consider the summary judgment evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, "the nonmoving party may not rest on the mere allegations or denials of her pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000) (quoting *Rushing v. Kan. City S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999)). In drawing all justifiable inferences in favor of the nonmovant, a court "must distinguish between evidence of disputed facts and disputed matters of professional judgment." *Beard v. Banks*, 548 U.S. 521, 529-30 (2006).

Under Federal Rule of Civil Procedure 52(a)(3), a district court is not required to state factual findings or legal conclusions when ruling on a summary judgment motion. "But, a district court must explain its reasoning for granting summary judgment in enough detail for [the appellate court] to analyze whether that court applied the correct legal standard." *Bell* v. *Dall. Cnty.*, 432 F. App'x 330, 335 (5th Cir. 2011). Furthermore, a district court does not have to limit the basis for summary judgment to the facts listed in a motion for summary judgment, but may grant summary judgment on facts not briefed by the moving party if the non-moving party has notice of the issue. *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1093 (5th Cir. 1996); *see*

*also Jones* v. *Collins*, 132 F.3d 1048, 1052 (5th Cir. 1998) (holding that a district court may consider pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, when ruling on a motion for summary judgment).

### III. ANALYSIS

Lawsuits involving promissory notes can typically be decided through a motion for summary judgment. *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1023 (5th Cir. 1995). "To recover on a promissory note, the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001).

In this case, Plaintiff asserts that there is no material fact in dispute and that Plaintiff is entitled to judgment as a matter of law. The Court notes that Defendant answered Plaintiff's original complaint, but not Plaintiff's amended complaint. Further, Defendant did not respond to Plaintiff's summary judgment motion. In order to show that it is entitled to recover on the aforementioned promissory notes, Plaintiff points out that Defendant admitted to obtaining student loans in 1989. (Doc. 8, p. 1-2). Plaintiff, citing Texas Business and Commerce Code § 3.308, contends that defendant's signatures on the notes should be deemed admitted since she did not explicitly deny them. *See* TEX. BUS. & COM. CODE § 3.308 ("In an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument are admitted unless specifically denied in the pleadings."). Plaintiff correctly identifies that Defendant did not specifically deny signing the notes in her answer. Therefore, Plaintiff sufficiently demonstrates the first element required to recover on the promissory notes, that the Defendant signed the notes. *See Lawrence*, 276 F.3d at 197.

Next, to prove that Plaintiff is the holder of the notes, Plaintiff provided copies of the promissory notes as well as Certificates of Indebtedness indicating that the notes were executed by Defendant and later assigned to the DOE. (Doc. 16, p. 3-4, 10, 12). Both notes are signed "Mary Latimer" and dated August 10, 1989. (Doc. 16, p. 10, 12). Lastly, the Certificates of Indebtedness indicate that the notes are in default. (Doc. 16, p. 3-4). As such, Plaintiff has stated a prima facie case that it is entitled to recover on these promissory notes and has properly discharged its initial summary judgment burden. *See Lawrence*, 276 F.3d at 197.

The burden now shifts to Defendant "to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Liquid Air Corp.*, 37 F.3d at 1075. Defendant "may not rest on the mere allegations or denials of her pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson*, 202 F.3d at 735. As noted, Defendant did not file a response to Plaintiff's summary judgment motion. Further, Defendant's answer is devoid of any factual information that would create a genuine dispute of material facts. *See Liberty Lobby*, 477 U.S. at 248. Accordingly, Plaintiff is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56.

### IV.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff's Motion for Summary Judgment be **GRANTED**.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C.

§ 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 631(b)(1) (extending time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012).

**SO ORDERED**.

Dated March 24, 2016.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**